IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00536-BNB

SIRRLOVE WILLIAMS,

    Plaintiff,

v.

SGT. DAUGHERTY,
CAPT. SOURS,
SGT. ROMERO,
DIRECTOR LOVINGIER,
MAJOR CONNORS,
SCHAEFER,
PUGLIESE,
PURDY,
CITY AND COUNTY OF DENVER, COLORADO,
DR. GAFERD,
CAPT. COYLE,
SGT. LOMBARDI, and
NURSE MONICA,

    Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 1 0 2009

GREGORY C. LANGHAM
CLERK

## ORDER DENYING MOTIONS FOR PRELIMINARY INJUNCTION

Plaintiff, Sirrlove Williams, currently is incarcerated at the Denver County Jail. Mr. Williams has filed *pro se* a civil rights complaint for money damages pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343(a)(3). He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 without payment of an initial partial filing fee. On March 24 and 25, 2009, he filed documents titled "Preliminary Injunction."

The Court must construe liberally the documents titled "Preliminary Injunction" because Mr. Williams is representing himself. *See Haines v. Kerner*, 404 U.S. 519,

520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. See *Hall*, 935 F.2d at 1110. Therefore, the documents will be treated as motions for a preliminary injunction and, for the reasons stated below, the motions will be denied.

Mr. Williams fails to make any allegations in the motions and instead refers the Court to numerous attachments to each document in an attempt to demonstrate his need for a preliminary injunction. The documents, for example, complain about his being subjected to chemical fumes from the stripping and waxing of prison floors, grievances he has filed, his placement in administrative segregation, the prison food, the censorship of his mail, and other conditions of his confinement.

A party seeking a preliminary injunction must show a substantial likelihood of prevailing on the merits, that he will suffer irreparable injury unless the injunction issues, that the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party, and that the injunction, if issued, would not be adverse to the public interest. See *Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980). Plaintiff fails to allege specific facts that demonstrate he is facing immediate and irreparable injury. Accordingly, it is

ORDERED that the documents titled "Preliminary Injunction," which Plaintiff, Sirrlove Williams, submitted to and filed with the Court on March 24 and 25, 2009, and

which the Court has treated as motions for a preliminary injunction, are denied.

DATED at Denver, Colorado, this __10__ day of _____April_____, 2009.

BY THE COURT:

*[signature]*

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.   09-cv-00536-BNB

Sirrlove R. Williams
Prisoner No. 1613915
Denver County Jail
PO Box 1108
Denver, CO 80201

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 4/10/09

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk