IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00536-BNB

SIRRLOVE WILLIAMS,

    Plaintiff,

v.

SGT. DAUGHERTY,
CAPT. SOURS,
SGT. ROMERO,
DS. SHEAFER,
DS. PUGLIESE,
DS. PURDY,
DOCTER [sic] GAFERD,
CAPT. COYLE,
SGT. LOMBARDI,
NURSE MONICA,
CITY AND COUNTY OF DENVER, CO., and
DIRECTOR LOVINGER,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 29 2009

GREGORY C. LANGHAM
    CLERK

## ORDER OF DISMISSAL

Plaintiff, Sirrlove Williams, currently is incarcerated at the Denver County Jail. Mr. Williams filed *pro se* a civil rights complaint for money damages pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343(a)(3). He was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 without payment of an initial partial filing fee.

On April 1, 2009, Magistrate Judge Boyd N. Boland ordered Mr. Williams to file an amended complaint that alleged the personal participation of each named Defendant and that complied with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. On April 8, 2009, Mr. Williams filed two separate amended

complaints suing different Defendants. The caption to this order includes the names of the Defendants named in both amended complaints.

The Court must construe the amended complaints liberally because Mr. Williams is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the amended complaints and the action will be dismissed.

In his amended complaints, Mr. Williams organizes his claims by the Defendant he is suing, apparently in an attempt to demonstrate each Defendant's personal participation in the asserted claims. However, his claims remain vague and conclusory, and he fails to explain the significance of the numerous grievances and other documents he attaches to one of the two complaints he has filed. While some of the grievances appear to raise additional claims, other grievances appear to supplement the allegations he makes in the amended complaints. Matching grievances to Mr. Williams' asserted claims is not a judicial function or Defendants' responsibility.

Magistrate Judge Boyd N. Boland informed Mr. Williams in the April 1, 2009, order that the amended complaint he filed must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Magistrate Judge Boland noted that the twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891

F.2d 1473, 1480 (10th Cir. 1989). He also noted that the requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Magistrate Judge Boland specifically pointed out that Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." He further pointed out that the philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." He explained that, taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Williams's complaints are vague. He has failed to assert, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each Defendant that allegedly violated his rights. As Magistrate Judge Boland explained in the April 1, 2009, order for an amended complaint, for Mr. Williams "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that the amended complaints that Plaintiff, Sirrlove Williams, filed with the Court on April 8, 2009, are dismissed without prejudice for failure to comply with the directives of the April 1, 2009, order for an amended complaint and for failure to comply with Rule 8 of the Federal Rules of Civil Procedure.

DATED at Denver, Colorado, this 29 day of April, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00536-BNB

Sirrlove R. Williams
Prisoner No. 1613915
Denver County Jail
PO Box 1108
Denver, CO 80201

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 4/29/09

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk